# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *  *
KIMBERLY CARTER,                         *
on behalf of her minor child,            *
JOSSELYN KISH, a minor,                  *      No. 13-633V
           Petitioner,       *      Special Master Christian J. Moran
                                         *
v.                                       *      Filed: August 19, 2015
                                         *
SECRETARY OF HEALTH                      *      Dismissal; measles-mumps-rubella
AND HUMAN SERVICES,                      *      ("MMR"); varicella vaccine;
                                         *      permanent immune system
           Respondent.       *      degradation; insufficient proof.
* * * * * * * * * * * * * * * * * * * *  *

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Ryan Pyles, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

       Kimberly Carter filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 et seq., on September 3, 2013. Her petition alleged that her minor child, Josselyn Kish, suffered from a permanent degradation in her immune system and an aggravation of her immune disorder as result of a measles-mumps-rubella ("MMR") and/or a varicella vaccine received on January 17, 2011. The information in the record, however, does not show entitlement to an award under the Program.

## I.    Procedural History

       On September 3, 2013, Ms. Kimberly Carter, on behalf of her minor child, Josselyn Kish, filed a petition alleging that Josselyn suffered from a permanent

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

degradation in her immune system and an aggravation of her immune disorder which was caused in fact by a measles-mumps-rubella ("MMR") and/or a varicella she received on January 17, 2011. No medical records were filed with the petition as required by 42 U.S.C. § 300aa—11(c). Ms. Carter filed an affidavit and medical records in support of her petition on September 9, 2013, (exhibits 1-9), followed by a statement of completion on October 18, 2013.

On November 22, 2013, the Secretary filed a Rule 4(c) report in which she concluded that Ms. Carter failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that Josselyn's injuries were caused in fact by the measles-mumps-rubella ("MMR") and/or a varicella vaccine received on January 17, 2011. Resp't's Rep. at 8. The Secretary noted that Ms. Carter failed to put forth a medical theory of causation and failed to file medical literature or an expert medical opinion explaining how the measles-mumps-rubella ("MMR") and/or varicella vaccine could have caused Josselyn's injuries. Id.

Ms. Carter periodically filed additional medical records (exhibit 10-12). On March 6, 2014, the undersigned ordered that the expert's report would serve as each expert's direct testimony. Petitioner was ordered to file her expert report by May 7, 2014. After several extensions of time, Ms. Carter filed two reports from Dr. Alan Levin. Exhibit 13, filed July 7, 2014; exhibit 15, filed Oct. 16, 2014. In response, the Secretary filed reports from Dr. Stephen McGeady. Exhibit A, filed Jan. 14, 2015; exhibit C, filed Apr. 9, 2015.

Ms. Carter was ordered to file a supplemental report from Dr. Levin by June 1, 2015. No additional report was filed by this deadline. Instead, on July 21, 2015, Ms. Carter filed an unopposed motion for a decision dismissing her petition. In her motion, Ms. Carter noted that "[a]n investigation of the facts and science supporting her case has demonstrated . . . that she will be unable to prove that she is entitled to compensation." Pet'r's Mot. for Dec. at ¶2.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).

An examination of the record did not uncover any evidence that Josselyn suffered a "Table Injury."

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support Ms. Carter's claim, a medical opinion must be offered in support. Although Ms. Carter has provided an opinion from Dr. Levin, she has determined that she will be unable to meet her burden of proof to establish she is entitled to compensation.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master